**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| JOHN FRALISH, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PROTECTION PLANS, LLC, d/b/a American Residential Warranty or ARW<br><br>Defendant. | CASE NO.: 3:22-cv-00059<br><br><br>COMPLAINT – CLASS ACTION<br><br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

On behalf of himself and others similarly situated, John Fralish ("Plaintiff") files this action against American Protection Plans, LLC ("Defendant") and states as follows:

### I. INTRODUCTION

1. This case concerns telephone solicitations made by American Protection Plans, LLC d/b/a American Residential Warranty or ARW ("Defendant") to telephone numbers registered on the National Do-Not-Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter referred to as the "TCPA").

2. Defendant made these telephone solicitations in order to sell home warranty plans to persons with whom Defendant had no established business relationship and who had neither invited nor gave permission for the calls.

3. These telephone calls caused real harm, invading the privacy of the recipient, wasting their time, and trespassing upon their telephone lines.

1

4. Because telemarketing campaigns generally include calls to thousands of potential customers en masse, Plaintiff brings this action on behalf of a proposed class of similarly persons who also received telephone solicitations from Defendant despite registering their phone numbers on the national Do-Not-Call registry.

5. A class action is the best means of obtaining redress for Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

6. Plaintiff seeks statutory damages and injunctive relief on behalf of himself and the class of similarly situated persons described below.

## II. JURISDICTION AND VENUE

7. The Court has jurisdiction over this class action lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. Venue in this District is proper because a substantial part of the acts and transactions giving rise to these claims occurred in this District - Plaintiff received the telephone solicitations in this District.

## III. INTERESTED PARTIES

9. Plaintiff is a natural person, who resides in St. Joseph County, Indiana.

10. Defendant is a Florida Limited Liability Company with a principal place of business in Boca Raton, Florida.

11. Defendant maintains a registered agent in the state of Indiana, sells home warranty plans to residents of Indiana, and places telephone solicitations to Indiana residents in order to make those sales, including the solicitations to Plaintiff that give rise to this action.

## IV. THE TCPA

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. When enacted, the TCPA instructed the Federal Communications Commission (FCC) to consider establishing a national database of telephone numbers of persons who object to receive telephone solicitations and to prescribe regulations prohibiting calls to numbers on the database. 47 U.S.C. § 227(c)(3).

14. In accordance with that statutory directive, the FCC established the national Do-Not-Call Registry and issued regulations at 47 C.F.R. § 64.1200(c).

15. The TCPA provides a private right of action to any person who receives more than one telephone call within a 12-month period in violation of those regulations. 47 U.S.C. § 227(c)(5).

16. Despite these long standing protections, "robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, Cutting Off Robocalls (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

17. Similarly, "[t]he FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).

## V.  FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

18. On May 30, 2021, Plaintiff registered his cellular telephone number ending in 5098 on the National Do-Not-Call Registry.

19. Plaintiff uses the 5098 number for residential, non-commercial purposes.

20.  On July 18, 2021, Plaintiff received a phone call from Defendant on the 5098 number, which caused Plaintiff's caller ID to display 626-412-3449.

21. Defendant placed this call for the purpose of selling Plaintiff a home warranty.

22. On July 22, 2021, Plaintiff called the 3449 number in an attempt to determine who had called him.

23. Plaintiff's phone call was answered by an automated system which identified the company as American Residential Warranty but did not provide an option to speak to a representative.

24. On or around July 22, 2021, Plaintiff conducted an internet search for American Residential Warranty and located Defendant's website www.arwhome.com.

25. On or around July 22, 2021, Plaintiff called the toll-free telephone number appearing on www.arwhome.com to inquire about the call Plaintiff had received.

26. During this communication, Plaintiff informed Defendant that he was on the national DO-Not-Call list and asked why he was called.

27. In response, Defendant's representative stated that the call was made to promote Defendant's home warranty plans and confirmed that Plaintiff had no account or relationship with Defendant.

4

28. During this communication, Defendant's representative admitted that Defendant generally has no idea who it is calling when it makes telephone solicitations.

29. On August 12, 2021, Defendant sent a text message to the 5098 number, which identified the sender as "Whitney with ARW Home" and identified the sender's number as 415-212-9786.

30. This text message promoted Defendant's home warranty plans and was a generic message that did not refer to Plaintiff by name.

31. Plaintiff did not respond.

32. On August 12, 2021, Defendant sent another text message to the 5098 number, which again identified the sender as "Whitney . . . from ARW Home" and again identified the sender's number as 415-212-9786.

33. This text message promoted Defendant's home warranty plans and was a generic message that did not refer to Plaintiff by name.

34. Plaintiff did not respond.

35. On August 13, 2021, Defendant sent another text message to the 5098 number identifying the sender's phone number as 415-212-9786.

36. This text message promoted Defendant's home warranty plans, stated that Defendant has "assisted homeowners all across the country," and again did not refer to Plaintiff by name.

37. Plaintiff did not respond.

38. On August 16, 2021, Defendant sent another text message to the 5098 number, which identified the sender as "Whitney . . . with ARW Home" and identified the sender's phone number as 415-212-9786.

39. This text message promoted Defendant's home warranty plans and was a generic message that did not refer to Plaintiff by name.

40. Plaintiff did not respond.

41. Plaintiff did not invite or provide permission for any of the telephone solicitations addressed above.

42. Plaintiff and Defendant did not have an established business relationship at the time of any the telephone solicitations addressed above.

## VI. CLASS ACTION ALLEGATIONS

28. This action is brought on behalf of all the following class of similarly situated individuals:

> (1) All persons in the United States (2) subscribing to a non-commercial telephone number (3) to which Defendant placed two or more calls promoting home warranties within any 12-month period since January 21, 2018 (4) and which had been registered on the national do-not-call list for at least 31 days prior to the first call.

29. Excluded from the Class is Defendant, their legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned, the Judge's immediate family, and Plaintiff's counsel and their employees. Plaintiff reserves the right to amend the above-stated class definition based on facts learned in discovery.

30. Based on Defendant's national scope, the generic nature of the communications received, and Defendant's admission that it often does not know who it is soliciting when it places these calls, the Class is so numerous that joinder of all members is impractical.

31. There are questions of law or fact common to the Class that predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

    a. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations to numbers on the National Do-Not-Call List

    b. Whether the class members are entitled to treble damages based upon the knowing/willfulness of Defendant's conduct; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

32. Plaintiff's claim is typical of those of the members of the Class. Within the Class, all claims are based on the same material facts and legal theories.

33. Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

34. Certification of the Class under Fed. R. Civ. P. 23(b)(3) is appropriate because

    a. as shown above, common questions predominate over any individual questions affecting the class members

  b. Further, a class action is superior to other available methods for the fair and efficient adjudication of the controversy because the TCPA is not a fee shifting statute and, given the small amount of recoverable damages available to each class member, individual actions are not feasible.

 35. Certification of the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate because Defendant has acted on grounds generally applicable to the Class, thereby making injunctive or declaratory relief appropriate with respect to the Class as a whole.

 36. Plaintiff requests that the Class be certified as a hybrid class under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

### COUNT I
### Telephone Solicitations to Numbers listed on the National Do-Not-Call Registry

 37. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

 38. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating multiple telephone solicitations within a 12-month period to residential telephone numbers despite their registration on the National Do-Not-Call Registry.

 39. Defendant made these telephone solicitations to persons who had neither invited nor gave permission for the calls, and with whom Defendant had no established business relationship.

 40. Defendant's violations were negligent, willful, or knowing.

 WHEREFORE, Plaintiff requests that the Court enter the following relief

  a. An order certifying this case to proceed as a class action under Fed. R. Civ. Pro. 23;

  b. judgment against Defendant and for the Plaintiff and the proposed class, providing

   i. Statutory damages of $500 per call for each negligent violations of the TCPA pursuant to 47 U.S.C. §227(c)(5);

   ii. Statutory damages of $1,500 per call for each knowing or willful violation of the TCPA pursuant to 47 U.S.C. §227(c)(5);

   iii. Permanent injunction prohibit Defendant from calling telephone numbers registered on the National Do-Not-Call List, without prior express written consent from the called party.

c. Reasonable attorney's fees and costs to be awarded by the Court if a class wide judgment is entered; and

d. Such further relief as this Court may deem appropriate.

## VII. JURY DEMAND

Plaintiff demands trial by jury.

Dated: January 21, 2022

        Respectfully Submitted,

        /s/ Timothy J. Sostrin
        Timothy J. Sostrin
        Keith J. Keogh
        KEOGH LAW, LTD.
        55 W. Monroe Street, Suite 3390
        Chicago, Illinois 60603
        Telephone: (312) 726-1092
        Facsimile: (312) 726-1093
        keith@keoghlaw.com
        tsostrin@keoghlaw.com

        *Attorneys for Plaintiff*